

**FILED**

JUN 1 4 2018

Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MARLON THOMAS, | Cause No. CV 18-87-BLG-SPW-TJC |
| Petitioner, | |
| vs. | ORDER AND FINDINGS AND |
| | RECOMMENDATIONS OF UNITED |
| JIM SALMONSEN, ATTORNEY | STATES MAGISTRATE JUDGE |
| GENERAL OF THE STATE OF | |
| MONTANA, | |
| Respondents. | |

On May 25, 2018, Petitioner Marlon Thomas filed a petition seeking a writ
of habeas corpus pursuant to 28 U.S.C. § 2254.  Thomas is a state prisoner
proceeding pro se.

**I.       Motion to Proceed In Forma Pauperis**

Thomas has applied to proceed in forma pauperis.  (Doc. 3).  Because there
is no reason to delay this action, Thomas's motion will be GRANTED.

**II.      28 U.S.C. § 2254 Petition**

Following a jury trial in Montana's Thirteenth Judicial District, Yellowstone
County, Thomas was convicted of Aggravated Promotion of Prostitution and
Promoting Prostitution.  Pet. (Doc. 1 at 2, ¶ 3).  On the first count, Thomas was

1

sentenced to twenty-years imprisonment, with five of the years suspended. On the second count, Thomas received a five-year sentence which was ordered to run consecutively to count one. *Id.* at 2, ¶ 4.

Thomas indicates he did not file a direct appeal (*id.* at 2, ¶ 6), did not seek relief from the Sentence Review Division (*id.* at 2, ¶ 7), did not file a petition for postconviction relief (*id.* at 2, ¶ 9), and did not file a petition for a writ of habeas corpus. *Id.* at 3. But it appears that Thomas is mistaken. A review of the Montana Supreme Court Docket indicates that on April 23, 2018, a Notice of Appeal from the March 30, 2018 judgment, entered in Thomas's state case, was filed by Thomas's attorney, Jack Sands. *See State v. Thomas*, DA 18-0209, Not. of App. (filed April 23, 2018).[1] This Court has independently reviewed the state district court docket and confirmed that a timely notice of appeal was filed on Thomas's behalf.[2]

In this petition, Thomas asserts the district court judge and various state officials violated his constitutional rights. (Doc. 1 at 3, ¶ B(i)). Thomas asks this

---

[1] Available at: https://supremecourtdocket.mt.gov (accessed June 12, 2018). Although the state court record has been filed, a briefing schedule has not yet been set.

[2] It is well established that federal courts may take judicial notice of state court orders and proceedings when they bear on the federal action. See *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006)(taking judicial notice of state court orders and proceedings); see also *United States v. Black,* 482 F.3d 1035, 1041 (9th Cir. 2007) (stating an appellate court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

Court to "convict all state officials to the extent of the law" and dismiss his

charges. *Id.* at 4, ¶ 16. Additionally, he seeks a monetary award in the amount of

1 million dollars, immediate release from prison, and asks that his record be

cleared of all charges. *Id.*

   i.  **Analysis**

  Thomas's petition should be dismissed because the claims he advances

relative to his current custody have not yet been exhausted in the state court

system. Dismissal should be without prejudice.

  As set forth above, Thomas requests release from custody, dismissal of

charges, and monetary compensation. "The Supreme Court has recognized that

'[f]ederal law opens two main avenues to relief on complaints related to

imprisonment: a petition for habeas corpus, 28 U.S. C. §2254, and a complaint

under the Civil Rights Act of 1871...42 U.S.C. §1983.'" *Nettles v. Grounds*, 830

F. 3d 922, 927 (9th Cir. 2016)(en banc), cert. denied, 137 S. ct. 645 (2017) (quoting

*Muhammad v. Close*, 540 U.S. 749, 750 (2004)(per curiam)). "Challenges to the

validity of any confinement or to particulars affecting its duration are the province

of habeas corpus; requests for relief turning on circumstances of confinement may

be presented in a §1983 action." *Id.* (internal citations omitted). Generally

prisoners cannot obtain monetary damages for wrongful incarceration unless and

until they are released. *Heck v. Humphrey*, 512 U.S. 477 (1994); *Preiser v.*

3

*Rodriguez*, 411 U.S. 475 (1973). Should Thomas wish to pursue a challenge to the conditions of his confinement, he must file a separate action under 42 U.S.C. § 1983.

As to the instant habeas petition, federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). The exhaustion requirement is grounded in the principles of comity and gives states the first opportunity to correct alleged violations of a prisoner's federal rights. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id.* *See also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (discussing *Picard v. Connor*, 404 U.S. 270 (1971) and *Anderson v. Harless*, 459 U.S. 4 (1982)). A petitioner must meet all three prongs of the test in one proceeding.

As explained above, a review of the Montana Supreme Court docket reveals,

4

despite Thomas's belief to the contrary, that his direct appeal is pending and in its initial stages. While the Court is not commenting on the merits of the claims Thomas attempts to advance in his habeas petition, assuming he does present cognizable constitutional claims, it does not relieve him of the burden of first presenting such claims to the state courts. Because Thomas has not yet exhausted his available state court remedies, this Court cannot review the claim. See, *Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal is without prejudice and Thomas may return to this Court if and when he fully exhausts the claims relative to his current custody.

## ii.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court

5

was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-141 (2012) (quoting *Slack*, 529 U.S. at 484).

Thomas has not made a substantial showing that he was deprived of a constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability should be denied.

Based on the foregoing, the Court makes the following:

## ORDER

Mr. Thomas's Motion for Leave to Proceed in Forma Pauperis (Doc. 3) is GRANTED. The Clerk of Court is directed to waive payment of the filing fee.

## RECOMMENDATION

1. The Petition (Doc. 1) should be DISMISSED without prejudice as unexhausted.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Thomas may object to this Findings and Recommendation within 14

6

days.[3] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Thomas must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of his case without notice to him.

DATED this 14th day of June, 2018.

Timothy J. Cavan
United States Magistrate Judge

---

[3] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Thomas is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

7